IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

VLADIMIR KULAKOV,

                Petitioner,

      vs.

SUPERINTENDENT, Great Meadow
Correctional Facility,

             Respondent.

No. 9:10-cv-01312-JKS

MEMORANDUM DECISION

Vladimir Kulakov, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Kulakov is currently in the custody of the New York Department of Corrections and Community Supervision, incarcerated at the Great Meadow Correctional Facility. Respondent has answered, and Kulakov has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Kulakov was convicted by a Clinton County jury of Attempted Murder in the First Degree (N.Y. Penal Law §§ 110.00/125.27[1][a][i], (b)), Assault in the First Degree (N.Y. Penal Law § 120.10[4]), Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02[7]), Grand Larceny in the Third Degree (N.Y. Penal Law § 155.35), Criminal Possession of Stolen Property in the Third Degree (N.Y. Penal Law § 165.50), and Criminal Possession of Stolen Property in the Fourth Degree (N.Y. Penal Law § 165.45[5]). In January 2007 the Clinton County Court sentenced Kulakov as a second felony offender to an aggregate prison term of twenty-five years to life, plus a consecutive indeterminate term of twelve and one-half to twenty-one years, to be followed by five years of supervised release. The Appellate

Division, Third Department, affirmed Kulakov's conviction and sentence, and the New York Court of Appeals denied leave to appeal on July 22, 2010.[1]  Kulakov timely filed his Petition for relief in this Court on October 31, 2010, and his Amended Petition on November 4, 2010.

While his appeal was pending, Kulakov filed three motions to vacate his conviction under N.Y. Criminal Procedure Law § 440.10 ("CPL § 440.10 motion") in the Clinton County Court. All three were denied and, to the extent that Kulakov sought leave to appeal, leave was denied prior to the date his conviction became final.

In December 2010, after he filed his Petition for relief in this Court, Kulakov filed a motion to for a new trial in the Clinton County Court, which the court treated as a motion under CPL § 440.10 and denied.  The Appellate Division denied leave to appeal, and the Court of Appeals dismissed Kulakov's petition for leave to appeal on May 24, 2011.[2]

## II.  GROUNDS RAISED/DEFENSES

In his Amended Petition Kulakov asserts four grounds, raising seven claims:  (1) his confession was false (induced by force and threats); (2) his confession was signed without the presence of a notary; (3) his confession was induced by beatings by the State Troopers; (4A) he was denied the right to present a defense by the prosecution; (4B) he was denied the right to proceed *pro se*; (4C) alternatively to proceeding *pro se*, he was denied the appointment of substitute counsel; and (4D) trial counsel failed to present evidence that Kulakov's statements to the police were coerced.  Respondent contends that, except for his claims that he was denied the

---

[1] *People v. Kulakov*, 898 N.Y.S.2d 373 (App. Div.), *lv. denied*, 933 N.E.2d 1057 (N.Y. 2010) (Table).

[2] *People v. Kulakov*, 949 N.E.2d 980 (N.Y. 2011) (Table).

right to appear *pro se* or, alternatively that he was denied the right to have substitute counsel appointed (Grounds 4B and 4C), Kulakov's claims are unexhausted, but deemed exhausted and procedurally barred.  Respondent also contends that Kulakov's claim that he was denied the right to proceed *pro se* (Ground 4B) is procedurally barred.  Respondent raises no other affirmative defenses.

### III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412 (alteration added).

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[7]  The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[8]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10]  Kulakov "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[11]

The Supreme Court recently underscored the magnitude of the deference required:

As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue*

---

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Hawkings v. Castello*, 460 F.3d 238, 264 (2d Cir. 2006) (internal quotation marks and citations omitted).

4

*the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[13]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14]  Although pre-AEDPA precedent established that deference is due to the findings of state appellate courts,[15] the Second Circuit has left the question open with respect to AEDPA cases.[16]  In the absence of a clear indication from the Second Circuit to the contrary, this Court can find no principled reason not to apply the same rule in the context of AEDPA, i.e., findings of a state appellate court are presumed to be correct.

---

[12] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[13] *Cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . "); *Jones v. Stinson*, 229 F.3d 112, 118 (2d. Cir. 2000).

[14] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[15] *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

[16] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

IV.  DISCUSSION

**A.      Procedural Deficiency**

Kulakov "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[17]  Claims stated in conclusory terms, unsupport by factual averments, are insufficient to establish that a petitioner's constitutional rights were violated.  In this case, Kulakov has presented his claims in essentially conclusory terms with little, if any, evidentiary support.  Without some evidence upon which this Court might find that some constitutional right was infringed, or some reason to excuse the absence of such evidence, granting a writ of habeas corpus in this case would be inappropriate.[18]  Despite the obvious deficiency in Kulakov's Petition, this Court will nonetheless address each of Kulakov's claims and the defenses raised as best it can under the circumstances.

**B.      Exhaustion**

This Court may not consider claims that have not been fairly presented to the state courts.[19]  Unexhausted claims must be dismissed.[20]  To be exhausted, the claim must have been presented to the highest state court that may consider the issue presented.[21]  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific

---

[17] *Hawkins*, 460 F.3d at 246.

[18] *Id.* (citing *Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support")).

[19] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[20] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[21] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

6

federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."[22]   A mere appeal to a broad constitutional guarantee, e.g., due process, is insufficient to present the substance of a constitutional claim to the state courts.[23]   A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the appropriate state courts.[24]   An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used.[25]   Exhaustion does not require Kulakov to cite the "book and verse on the federal constitution."[26]   A petitioner who does not cite the "book and verse of the Constitution" may nonetheless "fairly present to the state courts the constitutional nature of his claim" through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.[27]

Grounds 1, 2 and 3:  Confession Induced by Force/Threats

After his arrest, Kulakov made an inculpatory statement to the police, which was then reduced to writing and signed by Kulakov.  Kulakov contends that his "confession" was false and

---

[22] *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard v. Connor*, 404 U.S. 270 (1971)).

[23] *See Id.* at 163; *Anderson v. Harless*, 459 U.S. 4, 7 (1982).

[24] *Acosta v. Artuz*, 575 F.3d 177, 185 (2d Cir. 2009) (citing *Reese*, 541 U.S. at 30-34); *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[25] *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

[26] *Picard*, 404 U.S. at 278.

[27] *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

that he made up the facts based upon what he had been told.  In his first three grounds, Kulakov

contends that at the time of his arrest, the arresting State Troopers took him into the woods and

brutally beat him.  Later, the interrogating detective placed a gun to Kulakov's head and forced

Kulakov to sign his confession outside the presence of a notary.

Prior to trial, the Clinton County Court held a combined *Mapp*/*Huntley* hearing.[28]  At the

conclusion of the hearing, at which Kulakov testified, the County Court found the testimony of

the police officers credible and a lack of any credible evidence to support Kulakov's claims of

improper police conduct.  The court denied Kulakov's motion to suppress his statement.  At trial,

Kulakov again testified that he was beaten by the State Troopers, threatened by the interrogating

detective, and forced to sign the incriminating statement.

As Respondent correctly notes, despite a direct appeal and five CPL § 440.10 motions

(four of which were actually filed), Kulakov never at any time presented to the state courts the

facts underlying his first three grounds in the Amended Petition before this Court.  Consequently,

Kulakov has failed to properly exhaust his state-court remedies as to those grounds.

However, the Court need not rely on this basis as it may deny the petition on the merits

notwithstanding the lack of exhaustion of state court remedies,[29] particularly where the grounds

raised are plainly meritless.[30]  In this case, the Clinton County Court, after hearing the evidence,

including Kulakov's testimony that he was beaten and threatened, denied Kulakov's *Huntley*

---

[28] *Mapp v. Ohio*, 367 U.S. 643 (1961) (a shorthand reference to the hearing held on the admissibility of evidence obtained as a result of a police search); *People v. Huntley*, 371 N.E.2d 794 (N.Y. 1977) (a shorthand reference to the procedure under New York law for seeking suppression of statements made to law enforcement officers).

[29] 28 U.S.C. § 2254(b)(2).

[30] *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

motion.[31]   Likewise, after hearing essentially the same testimony,[32] the jury at least inferentially rejected it.  Kulakov misperceives the role of a federal court in a habeas proceeding challenging state-court findings of fact.  Under *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[33]   This Court must, therefore, determine whether the Appellate Division unreasonably applied *Jackson*.  In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence.[34]   Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution."[35]   Kulakov bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous;[36] a burden Kulakov has failed to carry.  The record does not compel the conclusion that no rational trier of fact could have found that Kulakov's statement to the police was voluntary and uncoerced, especially

---

[31] Docket No. 15-2 at 114-25.

[32] Trial Transcript, Docket No. 15-58 at 303.

[33] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

[34] *Jackson*, 443 U.S. at 318-19.

[35] *Id.* at 326; *see McDaniel*, 130 S. Ct. at 673-74.

[36] 28 U.S.C. § 2254(e)(1).

9

considering the double deference owed under *Jackson* and AEDPA.  Kulakov is not entitled to relief under his first, second, or third grounds.

Ground 4A:  Denial of Right to Present a Defense; 4D:  Ineffective Assistance of Counsel

In Ground 4A, Kulakov contends that the prosecutor denied him the right to present his claim that his "confession" was false and the result of improper police conduct.  In Ground 4D, Kulakov contends that his trial attorney failed to present the facts of his alleged "false" confession to the court.  As with his first three grounds, Kulakov did not present the factual basis for either of these claims to the state courts on direct appeal or his various post-conviction motions collaterally attacking his conviction.  Also, like this first three grounds, even if addressed on the merits, Kulakov would not prevail on either of these claims.

First, as with his first three grounds, Kulakov presents both claims in a purely conclusory manner, unsupported by any facts.  Without some evidence upon which this Court might find that the prosecution did, in fact, prevent Kulakov from presenting a defense or evidence that his counsel failed to present it, or some reason to excuse the absence of such evidence, granting a writ of habeas corpus in this case would be inappropriate.[37]

Second, as noted above, the record clearly shows that Kulakov's claim that his confession was the result of police misconduct was presented at both the pretrial *Mapp*/*Huntley* hearing and again at trial to the jury.  Not only has Kulakov failed to support his contention that the prosecution prevented the presentation of a defense or that trial counsel failed to present the court with the defense, the record clearly refutes it.  Kulakov is not entitled to relief under either Ground 4A or Ground 4D.

---

[37] *Hawkins*, 460 F.3d at 246.

**C.      Procedural Default**

Under the adequate-and-independent-state-ground doctrine, federal courts may not review the judgment of a state court that "rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."[38]  Because this doctrine applies on federal habeas review, and because the state-law ground may be a procedural bar,[39] federal habeas courts often speak of an "adequate and independent procedural bar" to federal review of a claim or simply of a "procedurally barred" federal claim.  A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment "rests on a state law ground that is independent of the federal question and adequate to support the judgment."[40]

Ground 4B:  Denial of Right to Appear *Pro Se*

Kulakov contends that the trial court denied him the right to appear *pro se*.  Kulakov presented this claim in his second CPL § 440.10 motion.  The Clinton County Court denied Kulakov's claim holding that it "must deny the motion to set aside this verdict under CPL § 440.10(2)(c) since sufficient facts appear in the record to permit [Kulakov] to have [this] issue adequately reviewed on appeal from his conviction and he has failed to do so."[41]  New York Criminal Procedure Law § 440.10[2], a default procedural rule established by statute, is an

---

[38] *Harris v. Reed,* 489 U.S. 255, 260 (1989).

[39] *Id.* at 261-62.

[40] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[41] Docket No. 15-37 at 3.

independent and adequate state ground precluding review by this Court.[42]  Kulakov is

procedurally barred from bringing Ground 4B.

In addition, as is discussed below in more detail below, the record refutes Kulakov's

claim that he was not permitted to appear at trial *pro se*.  Thus, not only is Kulakov's claim

procedurally barred, but it is factually unsupported.  Kulakov is not entitled to relief under

Ground 4B.

**D.     Merits**

Ground 4C:  Failure to Appoint Substitute Counsel

Kulakov contends that the trial court erred in not appointing substitute counsel.  The

Appellate Division addressed this issue on direct appeal and rejected it.

> County Court did not err in permitting [Kulakov] to proceed pro se.  The
> court discussed with [Kulakov] the advantages of representation by counsel as well
> as the pitfalls of self-representation, and allowed his assigned attorney to remain as
> standby counsel.  When [Kulakov] made statements indicating that he misunderstood
> the role of counsel or the court, the court explained that hybrid representation was not
> permitted and that the court could not advise [Kulakov] on the law during the trial.
> [Kulakov's] request prior to the commencement of jury selection was timely, he was
> unequivocal in his desire to represent himself, he had not been disruptive and his
> discussion with the court exhibited a knowing and intelligent waiver of his right to
> counsel.  He answered the court's questions regarding the roles of the prosecutor and
> defense, as well as the general nature of the charges, and detailed his prior self-
> representation in two separate cases.  Having satisfied itself that [Kulakov] was
> informed of the consequences of forgoing counsel and knowingly chose to proceed
> pro se, the court properly granted [Kulakov's] request, but continued his attorney as
> standby counsel.
> [Kulakov] cannot now argue that County Court should have assigned him
> new counsel.  Although he stated prior to his pretrial hearing that he was dissatisfied
> with counsel and did not know what he wanted to do if he could not get another
> attorney, he waived his request by agreeing with the court's suggestion to allow
> continued representation by his assigned counsel for the hearing.  When he became
> dissatisfied with his self-representation, he told the court that he did not want to

---

[42] *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003).

continue pro se, but also did not want assigned counsel to represent him.  That was
not a clear request for the court to assign him new counsel.  In any event, the court
would have been justified in denying a request for new counsel that was made during
the trial.  Hence, the court was never in a position where it was required to assign
new counsel to represent [Kulakov].[43]

Based upon the record before it, this Court cannot find that the Clinton County Court

erred in failing to appoint new counsel when Kulakov changed his mind and no longer desired to

proceed with self-representation.  The Supreme Court has "reject[ed] the claim that the Sixth

Amendment guarantees a 'meaningful relationship' between an accused and his counsel."[44]  The

Supreme Court has further stated that criminal defendants "have no cognizable [Sixth

Amendment claim] so long as they are adequately represented by attorneys appointed by the

courts."[45]  "[W]hile the right to select and be represented by one's preferred attorney is

comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an

effective advocate for each criminal defendant rather than to ensure that a defendant will

inexorably be represented by the lawyer whom he prefers."[46]  "While a defendant has a right to

counsel of his choice under the Sixth Amendment, it is not an absolute right.  Absent a conflict

of interest, a defendant in a criminal case does not have the unfettered right to retain new

counsel."[47]  "In determining whether to allow a defendant to retain new counsel, the court must

consider the risks and problems associated with the delay, and whether substitutions would

---

[43] *Kulakov*, 898 N.Y.S.2d at 375-76 (citations omitted).

[44] *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).

[45] *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989).

[46] *Wheat v. United States*, 486 U.S. 153, 159 (1988).

[47]  *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008) (internal quotation marks
and ellipsis omitted).

disrupt the proceedings and the administration of justice."[48]  Under federal law, a district court's denial of a request to substitute counsel is reviewed for abuse of discretion.[49]  The Supreme Court has never held that abuse of discretion is an appropriate basis for granting federal habeas relief.  Indeed, quite to the contrary, the Supreme Court has suggested that, while abuse of discretion is an appropriate standard on direct review, in a federal habeas proceeding it is not.[50]  Kulakov has not raised an question of constitutional dimension.

Even if Kulakov has raised an issue cognizable in this Court, under the facts presented, this Court cannot find that the decision of the Appellate Division "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[51]  Kulakov is not entitled to relief under Ground 4C.

---

[48] *Id.* (internal quotation marks and ellipsis omitted).

[49] *See id.* at 161; *see also Slappy*, 461 U.S. at 11-12 (noting in such cases that "broad discretion must be granted trials on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964))).

[50] *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) ("It is not even whether it was an abuse of discretion for her to have done so—the applicable standard on direct review.  The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of . . . clearly established Federal law. § 2254(d)(1)")

[51] 28 U.S.C. § 2254(d).

## V.  CONCLUSION AND ORDER

Kulakov is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[52]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[53]

The Clerk of the Court is to enter judgment accordingly.

Dated: November 30, 2012.

                                             /s/ James K. Singleton, Jr.
                                         JAMES K. SINGLETON, JR.
                                         United States District Judge

---

[52] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[53] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.